## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

STERETT HEAVY HAULING,
LLC,

        Plaintiff,

                                    Case No. 3:21-cv-968-MMH-MCR

v.

2G ENERGY, INC.,

        Defendant.

_____/

### O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction.  <u>See</u> <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 28, 2021, Plaintiff Sterett Heavy Hauling, LLC initiated this action by filing a complaint and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Complaint for Money Damages (Doc. 1; Complaint) ¶¶ 1-9. Specifically, Plaintiff asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the amount in controversy exceeds $75,000 and the parties are citizens of different states." Id. ¶ 9. However, upon review, the Court is unable to determine Plaintiff's citizenship and therefore cannot determine whether the Court has diversity jurisdiction over this action.

For the purpose of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). As such, to sufficiently allege the citizenship of a limited liability company (LLC), a party must list the citizenship of each of the LLC's members. See id. at 1021-22. Here, although Plaintiff Sterett Heavy Hauling LLC appropriately identified its members in the Complaint, Plaintiff failed to properly allege the citizenship of those members. Specifically, Plaintiff identifies three individuals—William L. Sterett, III, William L. Sterett, IV, and Maxwell Braden Sterett—as members of the LLC and asserts that they are

2

residents of Kentucky.  See Complaint ¶ 2.  However, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  A natural person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted).  Because the Complaint merely discloses where the individual members of the limited liability company reside, as opposed to their respective domiciles or states of citizenship, Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.  See Taylor, 30 F.3d at 1367; see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed.2d 29 (1989) ("'Domicile is not necessarily synonymous with 'residence[.]'") (citation omitted).

Plaintiff also alleges that "the Estate of Issac Andrew Sterett" is a member of the limited liability company.  See Complaint ¶ 2.  To establish the citizenship of the Estate, Plaintiff must identify the citizenship of the decedent.  See King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the

decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death."); see also 28 U.S.C. § 1332(c)(2). But here, Plaintiff identifies only the residence of the Estate's beneficiaries. See Complaint ¶ 2. Thus, the Court does not have the information necessary to determine the citizenship of the Estate member of the LLC.

In addition, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count Two of the Complaint incorporates by reference all allegations of the preceding count. See Complaint ¶ 30.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We

have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action and corrects the shotgun nature of the Complaint.  Accordingly, it is

**ORDERED**:

1.      The Complaint for Money Damages (Doc. 1) is **STRICKEN**.

2.      Plaintiff shall file a corrected complaint[1] curing the shotgun nature of the Complaint and the jurisdictional deficiencies on or before **October 22, 2021**.  Failure to do so may result in a dismissal of this action.

3.      Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 5th day of October, 2021.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:
Counsel of Record

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).